Duncan J.,
delivered the opinion of the Court.
All conditions, on the non-performance of which, vested estates of freehold are to be divested, and the grantor reinstated, are to be construed with the greatest strictness. The law, where it requires any acts, forms, or ceremonies to be performed by the grantor, to take advantage of such conditions broken, and exact the forfeiture, requires an absolute performance. They are considered with the same rigor that conditions precedent to the vesting of an estate are. Where there is a condition of re-entry on non payment of rent, several things are required by the common law, to be previously done, to entitle the reversioner to re-enter. There must be a demand of the precise rent due, on the very day *153 on which it becomes due, on the most notprious place on the land, and a demand must in fact be made on the land, although there should be no person on the land ready to pay it. Duppa v. Mayo, 1 Saund. 287. note 16.
This part of the common law has been adopted by us ; is our own common law. Stoever v. Lessee of Whitman, 6 Binn. 419. It may have its inconveniences ; it may be said that the demand, where there is none on whom the demand can be made, is an idle ceremony. This may be very true. We may not at this day be able to discover the reason of all this exactness, but it is a principle of our legal tenures, and can only be changed by the Legislature. These niceties are obviated in England, by the Stat. 4 G. 2. c. 28. sect. 2. That statute provides, that in case of a vacant possession, fixing a declaration in ejectment in some notorious place on the land, shall stand in the place and stead of a demand and re-entry. This statute does not extend to Pennsylvania. The question then, is to be decided on the principles' of the common law. These principles require a demand of the precise sum due, on the precise day, and on the land itself, whether occupied or the possession be vacant. Until these are changed by the Legislature, and provisions made to remedy this inconvenience, which has been experienced by all who hold ground rents, they must remain rules of property which Courts cannot disregard or overrule.
There was therefore error in the opinion of the Court, instructing the jury that the plaintiff, although he had not demanded any rent, was entitled to recover possession of the lot. The judgment is therefore reversed..
Judgment .reversed.